No. 23-35144

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DIANE GRUBER and MARK RUNNELS,

Plaintiffs-Appellants,

v.

OREGON STATE BAR, a public corporation, CHRISTINE
COSTANTINO, President of the Oregon State Bar, HELEN
HIERSCHBIEL, Chief Executive Officer of the Oregon State Bar,

Defendants-Appellees.

On Appeal from the United States District Court
For the District of Oregon
No. 3:18-cv-1591-JR
Honorable Michael H. Simon

APPELLEES' SUPPLEMENTAL BRIEF REGARDING
ELEVENTH AMENDMENT IMMUNITY

*Counsel listed on next page*

Steven M. Wilker
Paul M. Balmer
Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR  97204
Telephone:  (503) 802-2072

Elisa J. Dozono
Attn: General Counsel's Office
P.O. Box 231935
Tigard, OR  97281
Telephone:  (503) 467-0907

W. Michael Gillette
Schwabe, Williamson & Wyatt
1211 SW Fifth Avenue, Suite 1900
Portland, OR  97204
Telephone:  (503) 222-9981

Attorneys for Appellees

# TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ..................................................................1

II.  ARGUMENT ........................................................................2

    A.   *Kohn* replaced the test previously applied to the
        Oregon State Bar. ..................................................2

    B.   Applying the Updated Three-Factor Test Confirms
        that the Oregon State Bar is an Arm of the State .................4

        1.   The state's intent establishes that the Oregon
            State Bar is immune. ....................................4

        2.   The state's control of the Oregon State Bar
            establishes that the Oregon State Bar is immune. ...... 10

        3.   The Oregon State Bar's impact on the state
            treasury also establishes that the Oregon State
            Bar is immune. ..........................................15

III.  CONCLUSION ..............................................................20

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.,*
5 F.3d 378 (9th Cir. 1993) .................................................................. 16

*Block v. Wash. State Bar Ass'n,*
761 Fed. App'x 729 (9th Cir. 2019) ................................................... 19

*Crowe v. Oregon State Bar,*
989 F.3d 714 (9th Cir. 2021) ................................ 1, 2, 4, 15, 16, 17, 18

*Eardley v. Garst,*
232 F.3d 894 (9th Cir. 2000) .............................................................. 19

*Gilchrist v. Ariz. Sup. Ct.,*
10 Fed. App'x. 468 (9th Cir. 2001) .................................................... 19

*Grundstein v. Wash. State Bar Ass'n,*
576 Fed. App'x 708 (9th Cir. 2014) ................................................... 19

*Hirsch v. Justices of Supreme Court of Cal.,*
67 F.3d 708 (9th Cir. 1995) ................................................................ 19

*Kohn v. State Bar of California,*
87 F.4th 1021 (9th Cir. 2023)
(en banc) .................................... 1, 2, 3, 4, 6, 8, 9, 10, 13, 15, 16, 18, 19

*Lupert v. Cal. State Bar,*
761 F.2d 1325 (9th Cir. 1985) ............................................................ 19

*Mitchell v. Los Angeles Community College District,*
861 F.2d 198 (9th Cir. 1988) .......................................................... 2, 19

*O'Connor v. State of Nevada,*
686 F.2d 749 (9th Cir. 1982) ......................................................... 18, 19

*Ohralik v. Ohio State Bar Ass'n,*
436 U.S. 447 (1978) ........................................................................... 14

*P.R. Ports Auth. v. Fed. Mar. Comm'n,*
  531 F.3d 868 (D.C. Cir. 2008) ................................................. 2, 3, 6, 10

**State Cases**

*State ex rel. Frohnmayer v. Oregon State Bar,*
  307 Or. 304 (1989) ........................................................................ 5, 9

*In re Glover,*
  156 Or. 558 (1937) ............................................................................ 5

*Oregon State Bar v. Wright,*
  280 Or. 693 (1977) ........................................................................ 9, 14

*Ramstead v. Morgan,*
  219 Or. 383 (1959) ........................................................................... 13

**State Statutes**

ORS § 9.005 ............................................................................... 11, 14

ORS § 9.010 .................................................................................... 5

ORS § 9.042 ................................................................................... 12

ORS § 9.080 ............................................................................. 5, 6, 14

ORS § 9.100 ................................................................................... 14

ORS § 9.112 ........................................................................... 6, 11, 12

ORS § 9.114 .............................................................................. 6, 14

ORS § 9.180 .................................................................................... 6

ORS § 9.210 ........................................................................... 6, 11, 14

ORS § 9.490 ....................................................................... 6, 11, 12, 14

ORS § 9.532 ................................................................................... 11

ORS § 9.536 ................................................................................... 14

ORS § 9.537 ................................................................ 7, 15

ORS § 9.542 ............................................................. 11, 12

ORS § 9.572 ................................................................ 6, 17

ORS § 9.625 ..................................................................... 6

ORS § 9.685 ..................................................................... 6

ORS § 9.860 ................................................................... 17

ORS § 192.410 .................................................................. 5

**Rules**

ORAP 11.25 ..................................................................... 14

**Constitutional Provisions**

U.S. Const., Amend XI ................................. 1, 2, 4, 8, 9, 15, 16, 18, 19, 20

## I. INTRODUCTION

The Oregon State Bar should be held immune from liability under the Eleventh Amendment pursuant to this Court's three-part analysis set forth in *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023) (en banc).[1] In *Kohn*, the en banc Court expressly overruled its prior test for Eleventh Amendment immunity—which the Court previously applied to the Oregon State Bar in *Crowe v. Oregon State Bar*, 989 F.3d 714 (9th Cir. 2021)—and confirmed that "[a]ny future case brought against the Oregon State Bar will need to be analyzed under the new test we articulate in this decision." *Kohn*, 87 F.4th at 1037. Thus, because the Oregon State Bar briefed and preserved its Eleventh Amendment immunity defense, the Court directed the parties to file supplemental briefs addressing whether the Oregon State Bar enjoys Eleventh Amendment immunity under *Kohn*. As set forth below, under *Kohn*'s test, the Oregon State Bar is immune under the Eleventh Amendment because the state's intent with respect to the Oregon State

---

[1]     This Supplemental Brief is identical to that filed by the Oregon State Bar in *Crowe v. Oregon State Bar*, Case No. 23-35193.

Bar, the state's control of the Oregon State Bar, and the Oregon State Bar's effects on the state treasury establish that the Oregon State Bar is an arm of the state.

## II.   ARGUMENT

### A.   *Kohn* replaced the test previously applied to the Oregon State Bar.

In *Kohn*, this Court, sitting en banc, overturned the test for establishing Eleventh Amendment immunity in this Circuit, scrapping the test set forth in *Mitchell v. Los Angeles Community College District*, 861 F.2d 198 (9th Cir. 1988) that this Court previously applied to the Oregon State Bar in *Crowe*.  Instead, *Kohn* adopted the D.C. Circuit's articulation of a three-factor test in *P.R. Ports Auth. v. Fed. Mar. Comm'n*, 531 F.3d 868 (D.C. Cir. 2008), finding that it "fits the bill" in distilling the Supreme Court's case law on Eleventh Amendment Immunity.  *Kohn*, 87 F.4th at 1030.  As quoted in *Kohn*, the test turns on:

> "(1) the [s]tate's intent as to the status of the entity, including the functions performed by the entity; (2) the [s]tate's control over the entity; and (3) the entity's overall effects on the state treasury."

*Id.* (quoting *P.R. Ports Auth.*, 531 F.3d at 873).

*Kohn* then explains the test:

> The first factor of intent turns on whether state law expressly characterizes the entity as a governmental instrumentality rather than as a local governmental or non-governmental entity; whether the entity performs state governmental functions; whether the entity is treated as a governmental instrumentality for purposes of other state law; and state representations about the entity's status. [*P.R. Ports Auth.*, 531 F.3d] at 874. The second factor depends on how members of the governing body of the entity are appointed and removed, as well as whether the state can "directly supervise and control [the entity's] ongoing operations." *Id.* at 877. And, the third factor, though relevant, is not dispositive. While Kohn argues that this factor is the most important, we agree with the D.C. Circuit that the Eleventh Amendment "does not require a focus solely on the financial impact of the entity on the [s]tate" because the Eleventh Amendment is equally concerned with "the dignity interests of the state." *Id.* at 874 (citation omitted) (interpreting *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 15 S.Ct. 394, 130 L.Ed.2d 245 (1994)).

*Kohn*, 87 F.4th at 1030.

This Court in *Kohn* also held, consistent with the D.C. Circuit, that immunity is to be determined at the entity level. *Id.* at 1031. An entity is immune or not; the determination does not turn on the particular activity challenged. *Id.* "An entity-based approach also better promotes consistency, predictability, and finality because it settles an entity's immunity 'unless and until there are relevant

changes in the state law governing the entity.'" *Id.* (quoting *P.R. Ports Auth.*, 531 F.3d at 873).

**B. Applying the Updated Three-Factor Test Confirms that the Oregon State Bar is an Arm of the State**

The Oregon State Bar is entitled to immunity as an arm of the state of Oregon under each of the three factors under *Kohn*. As *Kohn* explained, these factors prioritize the dignity interest of the state and whether the state explicitly or implicitly sought to cloak the entity in its immunity under the Eleventh Amendment, which was underemphasized in the factors previously applied to the Oregon State Bar in *Crowe*. 87 F.4th at 1028. Here, under the correct test for immunity set forth under *Kohn*, the Oregon State Bar is an arm of the state.

**1. The state's intent establishes that the Oregon State Bar is immune.**

Under the first factor—intent—the Oregon State Bar is an arm of the state. As noted, "[t]he first factor of intent turns on whether state law expressly characterizes the entity as a governmental instrumentality rather than as a local governmental or non-governmental entity; whether the entity performs state governmental functions; whether the entity is treated as a governmental

instrumentality for purposes of other state law; and state representations about the entity's status." *Id.* at 1030.

The Oregon legislature created the Oregon State Bar in 1935 as part of the State Bar Act. *See* Or. Rev. Stat. ("ORS") §§ 9.005–9.757; *In re Glover*, 156 Or. 558, 562 (1937). By statute, the Oregon State Bar is "a public corporation and an instrumentality of the Judicial Department of the government of the State of Oregon." ORS § 9.010(2); *see State ex rel. Frohnmayer v. Oregon State Bar*, 307 Or. 304, 309 (1989) (for the purposes of the Oregon Public Records Law, the Oregon State Bar is "an instrumentality of the Judicial Department, and that it performs statewide functions on behalf of the department, weigh[ing] in favor of the conclusion that the bar itself is a state agency under ORS 192.410(2)"). The Oregon State Bar, through its Board of Governors, also has the statutory responsibility to "serve the public interest" in its statutory functions:

> (a) Regulating the legal profession and improving the quality of legal services;
> (b) Supporting the judiciary and improving the administration of justice; and
> (c) Advancing a fair, inclusive and accessible justice system.

ORS § 9.080(1).

The Oregon State Bar performs state governmental functions on behalf of the Judicial Department.  It recommends rules for adoption by the Oregon Supreme Court regarding standards for admission to the practice of law and rules of professional conduct. ORS §§ 9.210(1), 9.490.  Subject to the Oregon Supreme Court's oversight, the Oregon State Bar administers the attorney admission, regulatory, minimum continuing legal education, and disciplinary system.  *See* ORS §§ 9.080, 9.112, 9.114, 9.180, 9.210, 9.490; Or. State Bar R. P. ("B.R.") 2.3.  The Oregon State Bar also receives notices of overdraft trust accounts through a notification program established, and also manages a fund to relieve pecuniary losses caused by dishonest conduct of its members in the practice of law, necessary components of regulating the legal profession.  ORS §§ 9.625, 9.685.  The Oregon State Bar also oversees the Legal Services Program, an integrated, statewide system of legal aid services for low-income Oregonians.  ORS § 9.572.

The Oregon State Bar is also "treated as a government instrumentality for purposes of other [state] law."  *Kohn*, 87 F.4th at 1034 (explaining that the California State Bar was entitled to Eleventh Amendment immunity, in part, because it is "subject to California

public-records and open-meeting laws" ); *P.R. Ports Auth.*, 531 F.3d at 876 (explaining that the entity at issue was considered a state agency entitled to Eleventh Amendment immunity where it was "governed by Puerto Rico laws that apply to Commonwealth agencies generally, such as the Puerto Rico Administrative Procedures Act and the Puerto Rico Public Service Personnel Act"). The Oregon State Bar is subject to the Oregon Tort Claims Act, ORS §§ 30.260 to 30.300; the Oregon Public Records Law, ORS §§ 192.311 to 192.478; and the Oregon Public Meetings Law, ORS §§ 192.610 to 192.705, among other state statutes.

The Oregon State Bar's employees and public officials are subject to the Oregon Governmental Ethics Law under ORS §§ 9.010(h), 244.010 to 244.040. Additionally, like many state agencies, the Oregon State Bar, its officers, members of its appointed boards, agents and employees are absolutely immune to civil liability under state law in the performance of their duties to the Oregon State Bar. ORS § 9.537(2).

Oregon's legislature has entrusted the Oregon State Bar with the obligation to perform governmental functions as an instrumentality of the state Judicial Department under the direction and control of the

Oregon Supreme Court. The statutory foundation of the Oregon State Bar dating back almost 90 years should be respected and the state should be accorded the dignity required by the Eleventh Amendment by having its immunity extended to the Oregon State Bar.

In addition to the Oregon Legislature's treatment of the Oregon State Bar as a government instrumentality, "state court treatment is also relevant." *Kohn*, 87 F.4th at 1032. In *Kohn*, the Court clarified that state court treatment of an entity is relevant to determining whether Oregon intended that entity to be an arm of the state for purposes of the Eleventh Amendment. *See id.* at 1033 (explaining that "the treatment by the [state supreme court] clarifies any ambiguity as to whether [state] law characterizes the State Bar as a governmental instrumentality"). For example, the fact that the California Supreme Court considered the "State Bar as its administrative arm for attorney discipline and admission purposes cut[] decisively in favor of the State Bar's immunity." *Id.*

Here, the Oregon Supreme Court's conclusion that the Oregon State Bar is a "state agency" for purposes of the Oregon Public Records Law because it is "an instrumentality of the Judicial Department,

and . . . performs statewide functions on behalf of that department"
establishes that Oregon intended the Oregon State Bar to be subject to
Eleventh Amendment immunity. *Frohnmayer*, 307 Or. at 309. The
Oregon Supreme Court also recognized the Oregon State Bar's
governmental functions in *Oregon State Bar v. Wright*, 280 Or. 693,
697–98 (1977), stating that "the Oregon State Bar does not operate as
an independent licensing authority, but as an instrumentality of the
Judicial Department of the government of the State of Oregon and its
members are not only officers of the courts, but are subject to discipline
by the courts for misconduct."

Similar to the treatment of the California State Bar by California
courts in *Kohn*, the Oregon Supreme Court has expressly determined
that the Oregon State Bar performs "a number of statewide functions"
on its behalf, "including attorney discipline and administration of the
client security and professional liability funds." *Frohnmayer*, 307 Or. at
309. That Oregon's highest court has determined the Oregon State Bar
is an instrumentality of the Oregon Judicial Department, which
encompasses the state's trial and appellate courts, and performs

functions on its behalf "cuts decisively" in favor of the Oregon State Bar's immunity. *See Kohn*, 87 F.4th at 1032.

### 2. The state's control of the Oregon State Bar establishes that the Oregon State Bar is immune.

The second factor under *Kohn*—the state's control over the Oregon State Bar—also establishes that the Oregon State Bar is an arm of the state. The second factor "depends on how members of the governing body of the entity are appointed and removed, as well as whether the state can 'directly supervise and control [the entity's] ongoing operations.'" 87 F.4th at 1030 (quoting *P.R. Ports Auth.*, 531 F.3d at 877).

Here, the Oregon Supreme Court's supervision and control over the Oregon State Bar's rulemaking and regulation of the legal profession in Oregon "indicate government control" over the Oregon State Bar in multiple ways. *P.R. Ports Auth.*, 531 F.3d at 877 n.6 (explaining that "[e]ven in cases where the directors and officers are not government appointees or are not removable at will by government officials, the government's statutory authority to veto an entity's proposed actions can separately indicate governmental control").

The Oregon Supreme Court directly appoints the members of the Oregon State Bar's boards and committees responsible for admission and discipline within the legal profession. These committees include the Board of Bar Examiners, Disciplinary Board, State Professional Responsibility Board, and Unlawful Practice of Law Committee, as well as the statewide Adjudicator for the Disciplinary Board and lawyer mentors who serve in the mandatory New Lawyer Mentoring Program. ORS §§ 9.210, 9.532; B.R. 1.1, 2.3, 2.4, 12.1; Bylaws § 22.1, 16.3, 17.1(b); New Lawyer Mentoring Program R. 4.

The Oregon Supreme Court has direct and ultimate authority over the approval of Rules for Admission, Bar Rules of Procedure, Rules of Professional Conduct, and Minimum Continuing Legal Education Rules—all which govern the Oregon State Bar's regulatory functions. ORS §§ 9.005(7), 9.112, 9.490, 9.542. For example, although the Oregon legislature has delegated authority to the Board of Governors to draft rules related to minimum continuing legal education requirements, rules of professional conduct, and rules relating to the investigation of

attorneys, the Oregon Supreme Court has ultimate control over which

of those rules are adopted.  Those statutes provide:

> The board of governors shall by rule establish minimum
> continuing legal education requirements for all active
> members of the Oregon State Bar. *Rules adopted by the
> board of governors are subject to review by the Supreme
> Court.*

ORS 9.112 (emphasis added).

> The board of governors, with the approval of the house of
> delegates given at any regular or special meeting, shall
> formulate rules of professional conduct for attorneys, and
> *when such rules are adopted by the Supreme Court*, shall
> have power to enforce the same.

ORS 9.490(1) (emphasis added).

> The board of governors, *subject to the approval of the
> Supreme Court*, may adopt rules of procedure relating to the
> investigation of the conduct of members and applicants for
> admission and reinstatement to the bar, and relating to the
> conduct of admission, reinstatement and disciplinary
> proceedings.

ORS 9.542 (emphasis added).

The Oregon Supreme Court and the Oregon legislature also

exercise a level of control over the election of candidates to the Board of

Governors.  By statute, the Oregon State Bar's Board of Governors is

elected by the members of the Oregon State Bar as provided for in the

State Bar Act.  ORS §§ 9.025 to 9.042.  Nevertheless, the State Bar Act

provides that eligibility issues for any candidate are subject to final determination by the Oregon Supreme Court. ORS § 9.042. And, it is within the legislature's power to change how the Oregon State Bar is governed. Because the legislature established the structure and governance of the Oregon State Bar, it has control over the Oregon State Bar sufficient to satisfy this second factor.

More importantly, the Oregon Supreme Court has statutory authority and control over many of the Oregon State Bar's governmental functions as an instrumentality of the Judicial Department. *See Kohn*, 87 F.4th at 1035 (focusing on the ways in which the "California Supreme Court exercises significant control over the State Bar's function" "[b]eyond appointment" of the officers of an entity). In Oregon, "[n]o area of judicial power is more clearly marked off and identified than the courts' power to regulate the conduct of the attorneys who serve under it." *Ramstead v. Morgan*, 219 Or. 383, 399 (1959). This power comes from both "the necessity for the courts' control over an essential part of the judicial machinery with which it is entrusted by the [Oregon] constitution," as well as from the "long and jealously guarded tradition vested in the judiciary" of controlling

members of bar organizations. *Id.* It is well settled that regulating attorneys is an essential state government function in Oregon, one that the Oregon Supreme Court exercises by legislative delegation to and judicial supervision of the Oregon State Bar.

The Oregon State Bar regulates admission to the practice of law in Oregon and the conduct of practicing attorneys. ORS §§ 9.080, 9.114, 9.210, 9.490; B.R. 2.3. The Oregon Supreme Court nonetheless closely oversees the Oregon State Bar's regulatory activities, retaining original jurisdiction to make decisions concerning admissions, reinstatement, and attorney discipline. ORS §§ 9.005(7), 9.536; Oregon Rule of Appellate Procedure ("ORAP") 11.25. The Chief Justice reviews annual statements of the Oregon State Bar's financial condition, ORS § 9.100, and the Oregon Supreme Court approves the Oregon State Bar's budget related to its regulatory duties, namely admissions, regulatory, discipline, and minimum continuing legal education. Bylaws § 2.1(d).

The Oregon Supreme Court therefore exercises significant control over the Oregon State Bar as the Oregon State Bar carries out the central state governmental function of regulating attorneys. *See Wright*, 280 Or. at 697–98; *see also Ohralik v. Ohio State Bar Ass'n*, 436

U.S. 447, 460 (1978) (describing states' interests in regulating lawyers in light of the role lawyers play in "the primary governmental function of administering justice"). Significantly, in recognition of these critical state functions, the Oregon legislature has also provided civil immunity to the Oregon State Bar and its agents for the performance of their duties relating to the admission, reinstatement, or discipline of attorneys. ORS § 9.537.

Because the Oregon Supreme Court exercises control over many of the important governmental functions delegated to the Oregon State Bar and because the state legislature retains the ultimate control regarding the structure and governance of the Oregon State Bar, the second factor for Eleventh Amendment immunity under *Kohn* is also satisfied.

### 3. The Oregon State Bar's impact on the state treasury also establishes that the Oregon State Bar is immune.

The third factor in *Kohn*—impact on the state treasury—also weighs in favor of finding the Oregon State Bar as an arm of the state. In *Crowe*, this Court previously held that because the Oregon State Bar is funded by membership fees, the "most important [] factor weighs

strongly against immunity." *Crowe*, 989 F.3d at 732. *Kohn* expressly rejected that weighing, and instead held that impact on the state treasury "though relevant, is not dispositive." 87 F.4th at 1030. As *Kohn* explained "the Eleventh Amendment 'does not require a focus solely on the financial impact of the entity on the [s]tate' because the Eleventh Amendment is equally concerned with 'the dignity interests of the state." *Id.* (citation omitted). Further, due to recent statutory changes, the Oregon State Bar is more reliant on funding from the Oregon legislature than it was when this Court decided *Crowe*, increasing the impact to the state treasury of an award against the Oregon State Bar.

First, when analyzed through the proper lens, the Oregon State Bar is much like the State Bar of California with respect to finances, and therefore should enjoy the same immunity. As in California, the Oregon State Bar's "functions are 'essential to the primary governmental function of administering justice. . .'" *Id.* (quoting *Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975)). Thus, like it did in *Kohn*, the Court should find that a judgment against the Oregon State Bar likely will have an "impact on [the state's] treasury because of the

state's strong interest in keeping [the Bar] operationally and fiscally sound." *See Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 382 (9th Cir. 1993) (holding that the Alaska Railroad Corporation was entitled to Eleventh Amendment immunity).

Second, because the Oregon State Bar and its programs now receive funding not just from its members but from the Oregon legislature out of the general fund, there is a risk that a judgment against the Oregon State Bar would be paid out of the state's purse. In 2019 the Oregon legislature began to fund the Oregon State Bar's Legal Services Program (ORS § 9.572), which funds statewide legal aid (an essential government function), through general fund appropriations, instead of allocating other fees for that purpose. *See* SB 5513, § 8 (2019). And ORS § 9.860(4)(a) specifically gives the Chief Justice of the Oregon Supreme Court discretion to transfer state treasury appropriated funds to the Oregon State Bar for use by the Legal Services Program. This direct funding nexus means the Oregon State Bar alone is *not* "responsible for any money damages it may incur." *See Crowe*, 989 F.3d at 731 (citing the district court's opinion). Certainly, legal action against the Oregon State Bar's Legal Services Program

could directly impact the state's coffers.  Accordingly, in light of *Kohn*'s entity-based lens, the potential impact on Oregon's treasury means the Oregon State Bar is immune from suit.

But even if the Court does not find that the state of Oregon would be forced to incur the expenses needed to perform the essential regulatory functions performed by the Oregon State Bar, the third factor should not be dispositive.  As the Court explained in *Kohn*, the impact on the state treasury is "relevant, [but] not dispositive" because whether a state is legally liable for judgments against an entity is not "a formalistic question of ultimate financial liability," but "an indicator of the relationship between the [s]tate and its creation."  87 F.4th at 1028, 1030.

Prior to the per curiam *Crowe* decision in the prior appeal in this action, this Court had repeatedly held the state bars like Oregon's were immune under the Eleventh Amendment.  For example, in *O'Connor v. State of Nevada*, the Court concluded "that the state bar is the investigative arm of the Supreme Court of Nevada, charged with investigating and disciplining the legal profession of the state, and as such an agency, it . . . is immune from suit in federal court under the

[E]leventh [A]mendment." 686 F.2d 749, 750 (9th Cir. 1982) (per curiam).

Seven years after *Mitchell* was decided, this Court similarly concluded that the California State Bar was immune. *Hirsch v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995); *see also Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985) (recognizing the immunity of the California State Bar). Additionally, in several, albeit unpublished, decisions, this Court has recognized that Oregon's, Washington's, and Arizona's bar organizations are immune under the Eleventh Amendment. *See, e.g.*, *Eardley v. Garst*, 232 F.3d 894 (9th Cir. 2000) (appearing in Table of Decisions Without Reported Opinions) (applying *O'Connor v. State of Nevada* to conclude that the Oregon State Bar qualifies for immunity); *Block v. Wash. State Bar Ass'n*, 761 Fed. App'x 729, 731 (9th Cir. 2019); *Grundstein v. Wash. State Bar Ass'n*, 576 Fed. App'x 708 (9th Cir. 2014); *Gilchrist v. Ariz. Sup. Ct.*, 10 Fed. App'x. 468, 470 (9th Cir. 2001) (recognizing Eleventh Amendment immunity of the state bar association in Arizona). Thus, this authority and *Kohn*, which requires this Court to focus on the

entity rather than any particular activity, supports Eleventh
Amendment immunity of the Oregon State Bar.

## III.  CONCLUSION

The Oregon legislature's intent in establishing the Oregon State
Bar as an instrumentality of the Judicial Department of the
government of the State of Oregon and the Oregon Supreme Court's
supervision of the Oregon State Bar's regulatory functions support the
conclusion that the Oregon State Bar is an arm of the state that
performs essential governmental functions.  The State of Oregon's
choice is entitled to the protection and immunity of the Eleventh
Amendment from suit in federal court.  The judgments in favor of the
Oregon State Bar on Plaintiffs' claims should be affirmed on this basis.

Respectfully submitted,

TONKON TORP LLP

By: _s/ Steven M. Wilker_
     Steven M. Wilker
     Paul M. Balmer

ELISA J. DOZONO
     Elisa J. Dozono

SCHWABE, WILLIAMSON & WYATT

W. Michael Gillette

Attorneys for Appellees

DATED this 5th day of February, 2024

# CERTIFICATE OF COMPLIANCE

I certify that:

This brief complies with this Court's Order dated January 8, 2024, because this brief is less than 30 pages.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Century Schoolbook 14-point font.

TONKON TORP LLP


By: _s/ Steven M. Wilker_
    Steven M. Wilker
    Paul M. Balmer

ELISA J. DOZONO
    Elisa J. Dozono


SCHWABE, WILLIAMSON & WYATT
    W. Michael Gillette

        Attorneys for Appellees

# CERTIFICATE OF SERVICE AND FILING

I hereby certify that on February 5, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

TONKON TORP LLP


By: *s/ Steven M. Wilker*
    Steven M. Wilker
    Paul M. Balmer

ELISA J. DOZONO
    Elisa J. Dozono


SCHWABE, WILLIAMSON & WYATT
    W. Michael Gillette

      Attorneys for Appellees